**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LORI COMEAUX** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-11273** |
| **ATOS ORIGIN IT SERVICES, INC., et al.** | **SECTION: "G"(3)** |

## ORDER

Before the Court is Defendant Halliburton Energy Services' ("HESI") "Motion to Dismiss Certain Claims Pursuant to Rule 12(b)(6)."[1] In this matter, Plaintiff Lori Comeaux ("Plaintiff") brings claims for negligence individually and on behalf of decedent, Melvin A. Comeaux, Jr., under the Jones Act, general maritime law, and Louisiana law.[2]

On December 27, 2017, HESI filed the instant motion.[3] Therein, HESI argues that Plaintiff's claims for damages related to the decedent's alleged future medical expenses fail as matter of law because those damages do not exist given the decedent's death.[4] HESI also argues that Plaintiff's claims for non-pecuniary damages fail as a matter of law because those damages are not recoverable by a seaman under the Jones Act or general maritime law.[5] Finally, HESI

---

[1] Rec. Doc. 10.

[2] *See* Rec. Doc. 1.

[3] Rec. Doc. 10.

[4] *Id.* at 1.

[5] *Id.*

contends that Plaintiff's claims for punitive damages fail because punitive damages are not recoverable under the Jones Act or general maritime law.[6]

On January 9, 2018, Plaintiff filed a memorandum in opposition to the motion to dismiss.[7] In the memorandum, Plaintiff first asserts that she is not pursuing future medical expenses.[8] Second, Plaintiff contends that heirs of a deceased seaman are entitled to recovery non-pecuniary and punitive damages.[9] Moreover, Plaintiff contends that non-pecuniary and punitive damages are available because "decedent was not a Jones Act employee of all defendants at all times of his exposure to toxic substances that resulted in his death, nor was he a Jones Act employee of HESI during the entirety of his exposure attributable to their conduct."[10]

On January 19, 2018, with leave of Court, HESI filed a reply brief in further support of the motion to dismiss.[11] In the reply, HESI contends that seamen are not entitled to punitive damages under Fifth Circuit law, and to the extent Plaintiff argued in the opposition that the decedent was not a Jones Act seaman, there is no factual basis to support this allegation in the complaint.[12]

On February 5, 2018, with leave of Court, Plaintiff filed a First Supplemental and Amended Complaint.[13] In the amended complaint, Plaintiff alleges "additionally and in the alternative, that

---

[6] *Id.* at 2.

[7] Rec. Doc. 12 at 1.

[8] *Id.*

[9] *Id.* at 1–2.

[10] *Id.* at 2.

[11] Rec. Doc. 15.

[12] *Id.*

[13] Rec. Doc. 22.

decedent's work during the relevant time period was not constantly in the capacity as crewman upon defendants' vessels or in the service of those vessels."[14] Therefore, Plaintiff makes an alternative claim that decedent was not a Jones Act seamen at all relevant times.[15]

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[16] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[17] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[18]

Here, Plaintiff has amended the complaint to allege an alternative claim that decedent was

---

[14] *Id.* at 2.

[15] *Id.*

[16] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[17] *See Athletic Training Innovations, LLC v. eTagz, inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La. Jan. 30, 2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. Aug. 3, 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co.*, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

[18] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

not a Jones Act seamen at all times relevant to the claims asserted in this litigation. In the motion to dismiss, HESI contends that Fifth Circuit law precludes non-pecuniary and punitive damages for seamen. Therefore, the Court concludes that, should HESI wish to challenge the amended complaint, it would be more efficient for the Court to consider any arguments regarding dismissal in a motion that is better tailored to the causes of action now pending in this matter. Accordingly,

   **IT IS HEREBY ORDERED** that HESI's "Motion to Dismiss Certain Claims Pursuant to Rule 12(b)(6)"[19] is **DENIED AS MOOT.**

   **NEW ORLEANS, LOUISIANA**, this 4th day of April, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[19] Rec. Doc. 10.