UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORI COMEAUX** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-11273** |
| **ATOS ORIGIN IT SERVICES, INC., et al.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Defendant Halliburton Energy Services, Inc. formerly d/b/a IMCO Services' (collectively, "HESI") "Renewed Motion to Dismiss Certain Claims Pursuant to Rule 12(b)(6) and/or 12(c)."[1] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

On October 25, 2017, Plaintiff Lori Comeaux ("Plaintiff") filed a Complaint in this Court against Defendants Atos Origin It Services Inc. f/k/a Schlumbergersema Inc. f/k/a Schlumberger Resource Management Services, Inc. ("Atos");[2] Halliburton Energy Services, Inc. f/k/a Halliburton Company; IMCO Services, a division of Halliburton Energy Services, Inc. f/k/a Halliburton Company; and Offshore Service Vessels, L.L.C. f/k/a Edison Chouest Offshore, L.L.C ("Offshore Service").[3] Plaintiff brings claims individually and on behalf of decedent, Melvin A. Comeaux, Jr. ("Decedent"), for negligence under the Jones Act, unseaworthiness under general

---

[1] Rec. Doc. 34.

[2] On April 2, 2018, the Court granted Plaintiff's motion to dismiss all claims against Atos without prejudice. Rec. Doc. 27.

[3] Rec. Doc. 1.

1

maritime law, and negligence under Louisiana law.[4]

The Complaint alleges that Decedent was employed by IMCO Services from 1979 through 1985 as a boat mate.[5] According to the Complaint, IMCO Services was contracted by Atos to move and dispose drilling mud.[6] Plaintiff alleges that Decedent was exposed to benzene while transporting the drilling mud.[7] Plaintiff alleges was the benzene exposure caused Decedent to contract leukemia, which ultimately resulted in his death on October 25, 2016.[8]

On December 27, 2017, HESI filed a Motion to Dismiss Certain Claims Pursuant to Rule 12(b)(6).[9] Therein, HESI argued that Plaintiff's request for damages related to Decedent's alleged future medical expenses failed as matter of law because those damages do not exist given Decedent's death.[10] HESI also argued that Plaintiff's request for non-pecuniary damages fail as a matter of law because those damages are not recoverable by a seaman under the Jones Act or general maritime law.[11] Finally, HESI contends that Plaintiff's request for punitive damages fail because punitive damages are not recoverable under the Jones Act or general maritime law.[12]

---

[4] *Id.*

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 3.

[9] Rec. Doc. 10.

[10] *Id.* at 1.

[11] *Id.*

[12] *Id.* at 2.

On January 9, 2018, Plaintiff filed a memorandum in opposition to the motion to dismiss.[13] In the memorandum, Plaintiff first asserted that she is not pursuing future medical expenses.[14] Second, Plaintiff contended that heirs of a deceased seaman are entitled to recovery non-pecuniary and punitive damages.[15] Moreover, Plaintiff argued that non-pecuniary and punitive damages are available because "decedent was not a Jones Act employee of all defendants at all times of his exposure to toxic substances that resulted in his death, nor was he a Jones Act employee of HESI during the entirety of his exposure attributable to their conduct."[16]

On January 19, 2018, with leave of Court, HESI filed a reply brief in further support of the motion to dismiss.[17] In the reply, HESI contended that seamen are not entitled to punitive damages under Fifth Circuit law, and to the extent Plaintiff argued in the opposition that the decedent was not a Jones Act seaman, there was no factual basis to support this allegation in the Complaint.[18]

On February 5, 2018, with leave of Court, Plaintiff filed a First Supplemental and Amended Complaint.[19] In the amended complaint, Plaintiff alleges "additionally and in the alternative, that decedent's work during the relevant time period was not constantly in the capacity as crewman upon defendants' vessels or in the service of those vessels."[20] Therefore, Plaintiff makes an

---

[13] Rec. Doc. 12 at 1.

[14] *Id.*

[15] *Id.* at 1–2.

[16] *Id.* at 2.

[17] Rec. Doc. 15.

[18] *Id.*

[19] Rec. Doc. 22.

[20] *Id.* at 2.

alternative claim that decedent was not a Jones Act seamen at all relevant times.[21]

On April 4, 2018, the Court issued an Order denying as moot HESI's Motion to Dismiss Certain Claims Pursuant to Rule 12(b)(6).[22] Because HESI argued that Fifth Circuit law precludes non-pecuniary and punitive damages for seamen and Plaintiff amended the Complaint to allege an alternative claim that Decedent was not a Jones Act seamen at all relevant times, the Court concluded that it would be more efficient to consider any arguments regarding dismissal in a motion tailored to the causes of action raised in the Amended Complaint.[23]

On April 23, 2018, HESI filed the instant motion to dismiss.[24] On May 1, 2018, Plaintiff filed an opposition to the motion to dismiss.[25]

## II. Parties Arguments

### A. *HESI's Arguments in Support of the Motion to Dismiss*

HESI moves the Court to dismiss Plaintiff's requests for non-pecuniary damages and punitive damages pursuant to Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure.[26] HESI asserts that any request for punitive or non-pecuniary damages based on Decedent's alleged status as a seaman are barred because in *McBride v. Estis Well Service, LLC* the Fifth Circuit ruled that punitive and non-pecuniary damages are unavailable under the Jones Act or general maritime

---

[21] *Id.*

[22] Rec. Doc. 10.

[23] *Id.*

[24] Rec. Doc. 34.

[25] Rec. Doc. 38.

[26] Rec. Doc. 34 at 1.

4

law.[27] HESI asserts that the Ninth Circuit's contrary decision in *Batterton v. Dutra Group* has no bearing on the biding effect of the Fifth Circuit's decision in *McBride*.[28] Accordingly, HESI asserts that any request against HESI for punitive or non-pecuniary damages, which are based on Decedent's alleged status as a Jones Act seaman, should be dismiss.[29]

B.      *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff notes that she alleges multiple causes of action in the alternative, and the existence of alternative claims and remedies are not mutually exclusive.[30] Plaintiff asserts that she has alleged that at times Decedent was a Jones Act seaman employed by HESI, while at other times she alleges Decedent was not a Jones Act seaman.[31] Accordingly, Plaintiff contends that "[d]iscovery and determination of decedent's status as a Jones Act Seaman during various periods of his employment will further illuminate the issues at the heart of this matter and potentially affect available remedies."[32]

Furthermore, Plaintiff argues that regardless of the determination of Decedent's status as a Jones Act seaman, punitive damages are available as a matter of law.[33] Plaintiff notes that the Fifth

---

[27] Rec. Doc. 34-1 at 2 (citing 768 F.3d 382 (5th Cir. 2014)). HESI also adopts all arguments raised in its first motion to dismiss. *Id.* at 1.

[28] *Id.* (citing 880 F.3d 1089 (9th Cir. 2018)).

[29] *Id*. at 3.

[30] Rec. Doc. 38 at 2. Plaintiff also adopts the arguments made in the opposition and supplemental opposition to HESI's first motion to dismiss. *Id.* at 1.

[31] *Id*. at 2.

[32] *Id*.

[33] *Id*.

Circuit's en banc decision in *McBride v. Estis Well Service, L.L.C.* was sharply divided.[34] Moreover, Plaintiff contends that there is a circuit split between the Fifth and Ninth Circuits regarding this issue.[35] Plaintiff argues that the Ninth Circuit's decision in *Batterton* and several dissents to the Fifth Circuit's decision in *McBride* "provide scholarly and carefully reasoned opinions on the availability of punitive damages and the existence of this remedy since 1818."[36] For these reasons, Plaintiff asserts that she has sufficiently alleged that she is entitled to punitive damages, and HESI's motion to dismiss should be denied.[37]

### III. Legal Standard

*A.    Legal Standard Under Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[38] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[39] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[40] "Factual allegations must be enough to raise a right to relief above the speculative level."[41] A claim is facially plausible when the plaintiff has pleaded facts that allow

---

[34] *Id.* (citing 768 F.3d 382 (5th Cir. 2014)).

[35] *Id.* (citing *Batterton v. Dutra Grp.*, 880 F.3d 1089 (9th Cir. 2018)).

[36] *Id.*

[37] *Id.* at 3.

[38] Fed. R. Civ. P. 12(b)(6).

[39] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[41] *Twombly*, 550 U.S. at 556.

6

the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[42]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[43] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[44] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[45] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[46] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[47] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[48] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[49] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[50]

---

[42] *Id.* at 570.

[43] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[44] *Iqbal*, 556 U.S. at 677–78.

[45] *Id.* at 679.

[46] *Id.* at 678.

[47] *Id.*

[48] *Id.*

[49] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[50] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-

**B.**     *Legal Standard Under Federal Rule of Civil Procedure 12(c)*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[51] "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[52] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[53] On a 12(c) motion, "[p]leadings should be construed liberally," and judgment is "appropriate only if there are no disputed issues of fact and only questions of law remain."[54] Moreover, the Court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[55] In lieu of dismissal on a motion for judgement on the pleadings, a district court may grant a plaintiff leave to amend the complaint.[56]

## IV. Analysis

In the instant motion, HESI seeks dismissal of any request for punitive or non-pecuniary

---

6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[51] Fed. R. Civ. P. 12(c).

[52] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (internal citations omitted).

[53] *Id.* (internal citations omitted).

[54] *Id.* (internal citations omitted).

[55] *Id.*

[56] *Dueling v. Devon Energy Corp.*, 623 F. App'x 127 (5th Cir. 2015).

damages, which are based on Decedent's alleged status as a Jones Act seaman.[57] HESI contends that existing law does not afford Plaintiff a remedy for non-pecuniary or punitive damages against HESI, a former employer of Decedent.[58] In opposition, Plaintiff notes that she alleges multiple causes of action in the alternative, alleging that at times Decedent was a Jones Act seaman employed by HESI while at other times Decedent was not a Jones Act seaman.[59] However, this argument is unavailing because in the instant motion HESI only seeks dismissal of Plaintiff's request for non-pecuniary or punitive damages, which are based on Decedent's status as a Jones Act seaman. HESI does not move the Court to dismiss any request for non-pecuniary or punitive damages brought under Louisiana law based on the alternative theory that Decedent was not a Jones Act seaman.

Next, Plaintiff argues that regardless of the determination of Decedent's status as a Jones Act seaman, punitive damages are available to a Jones Act seaman as a matter of law.[60] In *Miles v. Apex Marine Corp.*, the Supreme Court held that the survivors of a Jones Act seaman may not recover non-pecuniary damages from the seaman's employer under general maritime law.[61] The Court noted that the Jones Act and the Death on the High Seas Act ("DOHSA") do not allow recovery for loss of society or lost future earnings.[62] The Court found that in enacting the Jones

---

[57] Rec. Doc. 34-1 at 3.

[58] Rec. Doc. 60.

[59] Rec. Doc. 38 at 2.

[60] *Id.*

[61] 498 U.S. 19, 31–33 (1990).

[62] *Id.* at 31–32.

9

Act and DOHSA, Congress had established a "uniform plan of maritime tort law,"[63] and it "restore[d] a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law."[64] Therefore, the Court explained that "it would be inconsistent with this Court's place in the constitutional scheme to sanction more expansive remedies for the judicially created unseaworthiness cause of action, in which liability is without fault, than Congress has allowed in cases of death resulting from negligence."[65]

In *Guevara v. Maritime Overseas Corporation*, the Fifth Circuit applied the "damages uniformity principle" articulated by the Supreme Court in *Miles* to preclude an injured Jones Act seaman from recovering punitive damages for his employer's willful disregard of its obligation to pay maintenance and cure under general maritime law.[66] In *Scarborough v. Clemco Industries*, the Fifth Circuit again invoked the uniformity principle and held that neither a Jones Act seaman nor his survivors can recover non-pecuniary damages from a non-employer under general maritime law.[67]

However, in *Atlantic Sounding Co. v. Townsend*, the Supreme Court overruled *Guevara* and held that a Jones Act seaman can recover punitive damages for an employer's willful and wanton failure to honor its maintenance and cure obligation.[68] Notably, the Court recognized that

---

[63] *Id.* at 37.

[64] *Id.* at 33.

[65] *Id.* at 20.

[66] 59 F.3d 1496, 1513 (5th Cir. 1995).

[67] 391 F.3d 660, 668 (5th Cir. 2004).

[68] 557 U.S. 404, 424 (2009).

10

"[t]he reasoning of *Miles* remains sound," but ultimately determined that *Townsend* was distinguishable.[69] Unlike the wrongful death claim and damages addressed in *Miles*, the Court noted that general maritime law had recognized a claim for maintenance and cure and the remedy of punitive damages prior to the passage of the Jones Act, and the Jones Act addresses neither claim nor remedy.[70] Therefore, the Court concluded that it is "possible to adhere to the traditional understanding of maritime actions and remedies without abridging or violating the Jones Act; unlike wrongful-death actions, this traditional understanding is not a matter to which 'Congress has spoken directly.'"[71]

Following *Townsend*, it was unclear whether punitive damages were recoverable under general maritime law for other types of claims or were limited to maintenance and cure claims.[72] In *McBride v. Estis Well Serv., LLC*, the Fifth Circuit initially held that punitive damages were available when a seaman's personal injury or wrongful death claim was brought under general maritime law, effectively extending the Supreme Court's holding in *Townsend* to non-maintenance and cure claims.[73] However, on rehearing en banc, the Fifth Circuit reversed the panel, holding that neither an injured seaman nor his survivors can recover punitive damages from an employer for negligence under the Jones Act or unseaworthiness under general maritime law.[74] The Fifth

---

[69] *Id.* at 420.

[70] *Id.*

[71] *Id.* at 420–21.

[72] *See* Stevan C. Dittman, *Amiable or Merry? An Update on Maritime Punitive Damages*, 89 Tul. L. Rev. 1059, 1089-1101 (2015) ("Since *Townsend*, the courts have divided with respect to the impact of *Townsend* in situations not directly covered by the factual situation in *Miles*.")

[73] 731 F.3d 505 (5th Cir. 2013), rev'd en banc, 768 F.3d 382 (5th Cir. 2014).

[74] *McBride v. Estis Well Serv., LLC*, 768 F.3d 382, 391 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2310

Circuit noted that when Congress enacted the Jones Act, it incorporated the Federal Employers' Liability Act's prohibition on non-pecuniary damages.[75] Further, the Fifth Circuit reasoned that it could not "supplement the statute and allow more expansive damages" for an action brought under general maritime law than Congress had allowed under the Jones Act.[76]

In this case, Plaintiff brings claims individually and on behalf of Decedent for negligence under the Jones Act, unseaworthiness under general maritime law, and negligence under Louisiana law.[77] Plaintiff does not bring a claim for maintenance and cure. Plaintiff acknowledges that in *McBride* the Fifth Circuit held that a Jones Act seaman cannot recover non-pecuniary or punitive damages against his employer under either the Jones Act or general maritime law.[78] Nevertheless, Plaintiff urges the Court to disregard this binding precedent and instead follow dissents to the Fifth Circuit opinion or a Ninth Circuit opinion holding that a Jones Act seaman can recover punitive damages in relation to an unseaworthiness claim brought under general maritime law.[79] However, this Court must follow the binding precedent set forth by the Fifth Circuit in *McBride* and hold Plaintiff is precluded from recovering non-pecuniary or punitive damages against HESI under the Jones Act or general maritime law if Decedent is found to be a Jones Act seaman.

---

(2015).

[75] *Id.* at 385–86.

[76] *Id.* at 387 (quoting *Miles*, 498 U.S. at 31).

[77] Rec. Doc. 1 at 5.

[78] Rec. Doc. 34 at 2 (citing *McBride*, 768 F.3d at 391).

[79] *Id.* (citing *Batterton*, 880 F.3d at 1089).

## V. Conclusion

Based on the foregoing, the Court finds that there are no issues of fact in dispute, and HESI is entitled to judgment as a matter of law, dismissing Plaintiff's request for non-pecuniary and punitive damages, which are based on Decedent's alleged status as a Jones Act seaman. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Halliburton Energy Services, Inc. formerly d/b/a IMCO Services' "Renewed Motion to Dismiss Certain Claims Pursuant to Rule 12(b)(6) and/or 12(c)"[80] is **GRANTED** and any requests for non-pecuniary or punitive damages against Halliburton Energy Services, Inc. formerly d/b/a IMCO Services, which are based on Decedent's alleged status as a Jones Act seaman, are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of December, 2018.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                        **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[80] Rec. Doc. 34.